UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

KEITH THIBODEAUX                                        CIVIL ACTION

VERSUS

T-H MARINE SUPPLIES, LLC                       NO. 21-00443-BAJ-SDJ

RULING AND ORDER

Before the Court is Defendant's **Omnibus Motion in Limine (Doc. 44)**.[1] The Motion is opposed (Doc. 49). For the reasons stated herein, Defendant's Motion is **DENIED**.

I.  BACKGROUND

This is a personal injury and products liability case brought under general maritime law. Plaintiff is "an avid crappie fisherman." (*See* Doc. 36 at p. 3). On March 6, 2020, he purchased Defendant's product, the G-Force Trolling Motor Handle and Cable ("G-Force"), for use on his 19-foot aluminum flat-bottom boat. (*See id*).

On December 3, 2020, Plaintiff alleges he was fishing in the Atchafalaya Basin

---

[1] Local Rule 7(h) **requires** the party seeking to file a motion in limine on a subject other than the admissibility of expert testimony to confer or attempt to confer with the opposing party before filing the motion in a good faith effort to resolve the issues amicably. It further **requires** that if a consensus cannot be reached, the motion in limine **must** contain a certification that the movant conferred or attempted to confer with the opposing party but was unable to reach an agreement. Here, Defendant has failed to include the required certification. Moreover, according to Plaintiff, he received notice of the evidentiary issues Defendant intended to raise *the morning of the filing deadline,* with a demand to respond by 3:00 P.M. (*See* Doc. 49 at p. 4). Needless to say, such an approach to discovery is not a good faith effort to resolve the issues amicably. While the Court would otherwise deny Defendant's Motion for failure to abide by the Local Rules, in fairness to Plaintiff, who prepared and submitted a thorough response to Defendant's Motion, the Court will consider the Motion on the merits. However, the Court cautions Defendant that failure to abide by the Local Rules in future motions or pleadings will result in a summary denial.

when the G-Force's cable broke, allegedly "throwing him to the hard floor of his boat" and causing him to suffer "severe and traumatic injuries. (Doc. 7 at ¶ 4). Plaintiff's injuries allegedly required him to "undergo surgeries on both shoulders and extensive medical treatment." (*See* Doc. 36 at p. 1).

On June 21, 2021, Plaintiff filed suit in the 19th Judicial District Court for East Baton Rouge Parish. (*See* Doc. 1-2 at p. 1). He alleges, *inter alia*, that Defendant "designed, manufactured, marketed, sold, distributed, and supplied the G-Force" in ways that caused his injuries and damages. (*See* Doc. 7 ¶ 9). Defendant removed to this Court on August 2, 2021, and now seeks to exclude certain evidence from trial.

## II. LEGAL STANDARD

"It is well settled that motions in limine are disfavored." *Auenson v. Lewis*, 1996 WL 457258, at *1 (E.D. La. 8/12/1996) (citing *Hawthorne Partners v. AT&T Technologies, Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993)). "Motions in limine are frequently made in the abstract and in anticipation of some hypothetical circumstance that may not develop at trial." *Collins v. Wayne Corp.*, 621 F.2d 777, 784 (5th Cir. 1980) (superseded on other grounds). "An order in limine excludes only clearly inadmissible evidence; therefore, evidence should not be excluded before trial unless it is clearly inadmissible on *all* potential grounds." *Rivera v. Robinson*, 464 F. Supp. 3d 847, 853 (E.D. La. 2020) (quoting *Auenson*, 1996 WL 457258, at *1) (emphasis added). Instead, courts should reserve evidentiary rulings until trial so that questions as to the evidence "may be resolved in the proper context." *Auenson*, 1996 WL 457258, at *1.

## III.  DISCUSSION

Defendant's Omnibus Motion contains 24 discreet Motions in Limine labelled 1 through 24. (Doc. 134). In response to Motions in Limine 2, 6, 9, and 10, Plaintiff represents that he has no objection to those items or arguments being excluded from use at trial. (*See* Doc. 49 at pp. 6 and 9). The Court credits Plaintiff's representation and therefore denies Motions in Limine 2, 6, 9, and 10 as moot.

In Motion in Limine 1, Defendant seeks to exclude "all evidence, including photographs, work orders, invoices, repairs, accident reports, trial and deposition testimony, and any reference, by counsel and/or other witnesses, regarding the existence of unrelated cases, incidents, or other THM products other than the particular product made the subject of this lawsuit." (*See* Doc. 44 at p. 1). It argues this evidence is irrelevant, prejudicial, and will cause juror confusion. (*See* Doc. 44-1 at p. 2). Plaintiff argues that this Motion should be denied pursuant to U.S. Court of Appeals for the Fifth Circuit precedent, which provides:

> The question of admissibility of substantially similar accidents is necessarily determined on a case-by-case basis, with consideration to be given to any number of factors, including the product or component part in question, the plaintiff's theory of recovery, the defenses raised by the defendant, and the degree of similarity of the products and of the other accidents.

*Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416 (5th Cir. 2006). The Court agrees. Defendant failed to identify the particular products that would be at issue at trial. It is impossible for the Court to engage in a fact-based, case by case analysis as required in this Circuit. Moreover, as noted by Plaintiff, this Motion is overly broad and vague. (*See* Doc. 49 at p. 5). Accordingly, it is denied.

In Motion in Limine 3, Defendant seeks to exclude "any evidence, testimony, references or arguments (1) related to the income or net worth of Defendants or any Defendant individually; (2) reference to the amount any Defendant pays or receives for services for the product(s); and (3) referring to Defendants as multi-billion or multi-million-dollar corporations or referring to Defendant's profits." (*See* Doc. 44-1 at p. 4). It represents that "there is no disputed issue for trial to which [Defendant's] financial condition or any disparity between the Plaintiff's finances and any Defendants' finances are in way [sic] relevant." (*See id.*). However, as Defendant is well aware, in a prior ruling, the Magistrate Judge ordered Defendant to produce its financial records to Plaintiff. (*See* Doc. 37 at p. 10). The Court found that because punitive damages may be available to Plaintiff under maritime law, Defendant's financial information is relevant to this litigation. (*See id.* at p. 7) (*citing Rafael Hurtado v. Balerno Int'l Ltd.*, No. 17-62200-CIV, 2019 WL 917404, at *2 (S.D. Fla. Feb. 25, 2019) ("[W]here there is a claim for punitive damages, a defendant's financial condition becomes relevant because the wealth of the defendant is a factor for consideration in determining the reasonableness of a punitive award.") (internal citations omitted). *See also Greater New Orleans Fair Hous. Action Ctr. v. Kelly*, No. CV 18-8177, 2020 WL 4875569 (E.D. La. Jan. 17, 2020) ("Indeed, [u]nder federal law, evidence of a defendant's financial worth is traditionally admissible for the purpose of evaluating the amount of punitive damages that should be awarded.") (internal citations omitted). Plaintiff's punitive damages claim is one of several categories of damages to be considered by the jury at trial. The Motion is denied.

4

In Motion in Limine 4, Defendant asks the Court to exclude "any and all evidence, references to evidence, testimony, or arguments related to [Defendant's] decision not to call certain witnesses to testify at trial on the basis [that] the evidence is speculative and irrelevant, and [that] the probative value is outweighed by the risk of undue prejudice to Defendant." (*See* Doc. 44-1 at p. 5). It represents that "[i]n the present case, all witnesses are equally available to be called by all parties and thus, Plaintiff should be excluded from presenting any evidence of an adverse presumption." (*See id.*). However, Plaintiff points out that Defendant's officers and employees are outside of the Court's subpoena power, thus calling into question whether all witnesses are equally available to be called by all parties. (*See* Doc. 49 at p. 7). Neither Party has identified a witness who may be implicated by this Motion. Thus, the Court will defer ruling on this Motion until trial.

In Motion in Limine 5, Defendant seeks to exclude "any statements, arguments, or insinuations that [Defendant] could have hired a particular expert, because [Defendant] could not find one to support its position." (*See* Doc. 44-1 at p. 5). Plaintiff argues that this Motion should be denied because it is too broad. (*See* Doc. 49 at p. 8). He also asserts that Defendant failed to cite relevant caselaw to support its request. (*See id.*). The Court agrees that this Motion is too broad. Furthermore, Defendant cited inapposite cases and the Federal Rules of Evidence to support this Motion. (*See* Doc. 44-1 at pp. 4–5) (*citing*, inter alia, *Smith v. United States*, 312 F.2d 867 (D.C. Cir. 1962) (remanding for a new trial because the prosecutor referred to unadmitted medical records to insinuate that defendant was guilty)). The Court has

5

previously cautioned that "the purpose of motions in limine is not to re-iterate matters which are set forth elsewhere in the Rules of Civil Procedure or Rules of Evidence." *Griffin v. REC Marine Logistics LLC*, No. CV 20-00092-BAJ-EWD, 2023 WL 1965428, at *3 (M.D. La. Feb. 13, 2023). Consequently, Motion in Limine 5 is denied. Motions in Limine 16, 17, 18, 19, and 20, which merely recite various Federal Rules of Evidence and are otherwise unsupported by sufficient factual or legal analysis, are also denied for the same reason.

In Motions in Limine 7, 11, 12, 13, 14, and 15, Defendant seeks an order forbidding Plaintiff from making certain arguments at trial because, *inter alia*, they tend to inflame the passion and prejudice of the jury. (*See* Doc. 44-1 at pp. 6–14). Many of Defendant's arguments supporting these Motions are contrary to Fifth Circuit caselaw.[2] Moreover, "the propriety of a particular argument must be determined in the light of the facts in the case, in the light of the conduct of the trial, and in the light of the argument of opposing counsel." *Baxter v. Anderson*, 277 F. Supp. 3d 860 (M.D. La. 2017) (*citing Solorio v. Atchison, T. & S. F. Ry. Co.*, 224 F.2d 544, 547 (10th Cir. 1955)). Accordingly, these Motions are denied. At trial, the Court will consider Defendant's objections, if any, to these arguments in the ordinary course, and the Court will offer the customary and appropriate instructions to the jury (*e.g.*, Fifth Circuit Pattern Jury Instructions 2.16 and 3.1).

---

[2] For example, Defendant seeks to exclude "Golden Rule arguments" and/or "language attempting to have the jurors place themselves in the Plaintiff's position. (*See* Doc. 44-1 at p. 11). But the Fifth Circuit permits such arguments on the issue of liability. *See Stokes v. Delcambre*, 710 F.2d 1120, 1128 (5th Cir. 1983) ("The use of the Golden Rule argument is improper only in relation to damages. It is not improper when urged on the issue of ultimate liability.").

6

Motion in Limine 8 seeks to exclude misstatements of the standard of care or burden of proof applicable in this case. The Court reminds Defendant that the Court, not the Parties or Counsel, will instruct the jury on the law. This Motion is denied.

In Motion in Limine 21, Defendant moves to preclude Plaintiff from "mentioning, referring to or alluding to the status of Defendant as a corporate or business entity" because "such statements are merely inflammatory and seek to arouse the jurors' passions, thus causing unfair prejudice and confusion." (*See* Doc. 44-1 at p. 15). Beyond references to the Federal Rules of Evidence, Defendant failed to argue why its business status should not be mentioned at trial. Indeed, Fifth Circuit Pattern Jury Instruction 2.16 provides specific instructions for trials involving corporate entities. Motion in Limine 21 is denied.

Motion in Limine 22 simply states:

> Mentioning or expressing personal opinions or beliefs about the merits of the case or that the case was properly and thoroughly investigated before it was filed. *McMillian v. United States*, 363 F.2d 165, 168 (5th Cir 1966).

This Motion is wholly without merit. There is no content, evidence, or argument. Defendant provides no analysis as to why the Court should rule in his favor. The Motion is denied.

In Motion in Limine 23, Defendant seeks to exclude "any alleged criminal charges, convictions, arrests, expungements of any person or person(s) that is an employee or family member of any employee of [Defendant]." (*See* Doc. 44-1 at p. 15). Defendant, however, fails to identify specific charges or criminal conduct it wishes to have excluded. "Because this Court cannot determine the nature of [the] prior

7

conviction[s], the Court cannot rule on the admissibility or inadmissibility of any prior conviction." *Jackson v. Barrere*, No. CIV.A. 13-124-JJB, 2014 WL 1118124 (M.D. La. Mar. 20, 2014). This Motion is denied without prejudice to reurging, with additional facts, at trial.

In Motion in Limine 24, Defendant seeks to exclude undisclosed or unadmitted evidence. (*See* Doc. 44-1 at p. 15). Plaintiff opposes this Motion because Defendant failed to identify specific evidence that was not properly disclosed or admitted. (*See* Doc. 49 at p. 17). The Court agrees. This Motion is premature, as indicated by Defendant's failure to identify specific items of evidence that would otherwise fall within the ambit of the Motion. It is denied.

## IV.  CONCLUSION

Overall, Defendant's Omnibus Motion is an example of why motions in limine are generally disfavored. Rather than identify specific exhibits or evidence that require pretrial relief, Defendant submitted motions "in the abstract and in anticipation of some hypothetical circumstance that may not develop at trial." *Auenson*, 1996 WL 457258, at *1. The Court will not entertain abstract, broad, speculative, and poorly analyzed motions in limine without the benefit of a full evidentiary record.

Accordingly,

**IT IS ORDERED** that Defendant's **Omnibus Motion in Limine (Doc. 44)** be and is hereby **DENIED.**

Baton Rouge, Louisiana, this 18th day of May, 2023

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**